# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 20, 2008

Charles R. Fulbruge III
Clerk

No. 07-30448
Conference Calendar

RANDY LEE BATISTE

Plaintiff-Appellant

v.

CALDWELL CORRECTIONAL CENTER; LOUISIANA DEPARTMENT OF
CORRECTIONS; CHRIS FREDRICKS; BOBBY KELLY; BOBBY MERCER;
WENDELL DAVIS

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:07-CV-258

Before KING, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Randy Lee Batiste, Louisiana prisoner # 124950, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Batiste's 42 U.S.C. § 1983 complaint as frivolous and for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The district court denied Batiste's motion for leave to proceed IFP on appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and certified that the appeal was not taken in good faith. By moving for leave to proceed IFP on appeal, Batiste is challenging the district court's certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997). Batiste also moves for appointment of counsel on appeal.

Batiste's IFP motion addresses only his indigence. He does not brief any argument regarding the dismissal of his § 1983 complaint as barred by the Parratt/Hudson doctrine.[1] Failure to identify any error in the district court's analysis is the same as if the appellant had not appealed the judgment. Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

Batiste has not shown that the district court's certification that an appeal would not be taken in good faith was incorrect. The instant appeal is without arguable merit and is thus frivolous. Accordingly, Batiste's requests for IFP status and appointment of counsel are denied, and his appeal is dismissed. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Batiste is cautioned that the dismissal of his § 1983 suit by the district court pursuant to § 1915(e)(2)(B) and our dismissal of this appeal as frivolous both count as strikes under § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Batiste is also cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

[1] Parratt v. Taylor, 451 U.S. 527, 542-44 (1981); Hudson v. Palmer, 468 U.S. 517, 530-33 (1984).